UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONESIA JAMES, | |
| Plaintiff, | |
| v. | Cause No. 1:23-CV-315-PPS-JPK |
| ERIC NOGA, | |
| Defendant. | |

## **OPINION AND ORDER**

Antonesia James, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. [DE 1.] Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ms. James is presently in custody at the Allen County Jail. She sues Fort Wayne Police Officer Erica Noga, alleging that on June 3, 2023, Officer Noga wrongfully pulled over her vehicle and requested that she take a breathalyzer test. She claims she "blew zero," but Officer Noga nevertheless arrested her. She claims that during the course of

their interactions, Officer Noga used a racial slur, "aggressively pulled" her out of her vehicle, and in her words, "showed no sympathy even when I told him I was pregnant." She further claims that in a subsequent report Officer Noga lied about what happened during the traffic stop, including falsely stating that she failed the breathalyzer test. She claims his "false allegations" have resulted in criminal charges being filed against her, which in turn resulted in her child being taken into custody by child protective services. Based on these events, she sues Officer Noga for money damages and other relief.

It can be discerned from public records that Ms. James is presently facing criminal charges of operating a vehicle as a habitual traffic violator, operating a vehicle while intoxicated (with a prior conviction), and operating a vehicle while intoxicated and transporting a passenger under age 18.[1] *See State of Indiana v. James*, 02C01-2306-F6-00741 (Allen Cir. Ct. filed June 8, 2023). The public docket in the criminal case reflects that a judicial officer found probable cause for her arrest and a sufficient basis to suspend her drivers' license. *Id.* In the probable cause affidavit, Officer Noga attested that he pulled her over because her vehicle was weaving and she was not using headlights even thought it was nighttime. *State of Indiana v. James*, 02D05-2306-MC-1897 (Allen Sup. Ct. closed June 8, 2023). The officer further attested that she had notable problems with balance and walking, her eyes were bloodshot, and she had a strong

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). I note that the charges were initially filed as a traffic citation but were then elevated to felony charges. *See State of Indiana v. James*, 02D05-2306-MC-1897 (Allen Sup. Ct. closed June 8, 2023).

2

odor of alcohol on her breath. *Id.* Ms. James has been appointed a public defender in the criminal case, and a pretrial hearing is currently scheduled for September 5, 2023. *James*, 02C01-2306-F6-00741.

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Whether Officer Noga was justified in pulling over and arresting Ms. James, and whether she passed or failed the breathalyzer test are "issues that may be litigated during the course of [the] criminal case." *Id.* Deciding them in this federal civil rights case "could undermine the state court proceeding[.]" *Id.*

Aside from *Younger*, courts have inherent authority to stay a case where a litigant is effectively trying to litigate the same issues in two pending cases. Permitting such "parallel" litigation runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing a civil case to proceed while a criminal case is pending "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more

3

airtight perjured testimony." *Id.* Because Ms. James's criminal and civil cases have the same factual background, those concerns are present here.

Furthermore, some of Ms. James's assertions directly undercut the validity of the pending charges, including that she passed the breathalyzer test and that Officer Noga lied when he said otherwise. Any claim that necessarily implicates the validity of the charges brought against her cannot be brought while "criminal proceedings are ongoing," and instead become cognizable only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated[.]" *McDonough*, 139 S. Ct. at 2158 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The Supreme Court has instructed that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*

I am cognizant that some of Ms. James's claims do not necessarily implicate the validity of the criminal charges, including that Officer Noga used a racial slur against her and was unnecessarily rough in removing her from her vehicle. *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016). However, what exactly transpired during the traffic stop and what interactions occurred between Officer Noga and Ms. James are issues that are likely to be litigated in the criminal case. In the interest of judicial

4

economy and the need to avoid conflicting judgments, I find the most prudent course to be to stay this case until the criminal charges are resolved. If Ms. James wishes to proceed with this lawsuit after her criminal case is resolved, she must file a motion to lift the stay within 30 days after judgment is entered in the criminal case. Depending on the outcome of the criminal case, I will determine at that time which of her civil claims may proceed. *See Wallace*, 549 U.S. at 394. If she does not move to lift the stay within 30 days of the criminal judgment, the stay will be converted to a dismissal without prejudice.

     As a final matter, in her complaint Ms. James raises some concerns about the conditions of her confinement at the Allen County Jail, including that she was attacked by another inmate and is experiencing medical problems. [DE 1 at 2-3.] She does not identify any defendant in connection with these allegations or seek any relief related to these issues, and it is unclear if she is trying to assert claims related to these issues or is merely providing this information as background about the hardships she has experienced since Officer Noga arrested her. In any event, I do not find claims about the conditions of her confinement at the jail sufficiently related to claims about the traffic stop to proceed in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If she wishes to pursue unrelated claims about the conditions of her confinement at the jail, she must do so in a new lawsuit. For her convenience, the Clerk will send her a

blank complaint form and a blank prisoner in forma pauperis motion should she wish to pursue this course.[2]

For these reasons, the Court:

(1) **DIRECTS** the Clerk to send the plaintiff a blank **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form and a blank **Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16);**

(2) **STAYS** this case pending the resolution of *State of Indiana v. James*, 02C01-2306-F6-00741 (Allen Cir. Ct. filed June 8, 2023);

(3) **ORDERS** the plaintiff to file a motion to lift the stay within 30 days after judgment is entered in the criminal case;

(4) **CAUTIONS** her that if she does not do so, the stay will be converted to a dismissal without prejudice; and

(5) **DIRECTS** the clerk to **STATISTICALLY CLOSE** this case.

**SO ORDERED** on July 28, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] I offer no opinion about the potential merit of any claim she may have, as these claims are not before me. Ms. James is reminded that under the Prison Litigation Reform Act, she will incur an additional filing fee for any new lawsuit that she files. *See* 28 U.S.C. § 1915(b).

6